

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Z. Gossett
Banking Commissioner of Texas
Austin, Texas

Dear Sir:

Opinion No. O-874
Re: Construction of S. B. 24,
46th Leg., whether lien
instruments taken by
State Banks are subject to
stamp tax upon recordation.

We received your letter of May 24, 1939, quoting an exemption provision contained in S. B. No. 24, by the 46th Legislature, and requesting our opinion in response to the following five questions:

"1. Does the exemption above quoted with respect to the United States and the State of Texas and their instrumentalities, apply only with respect to those liens or instruments secured by liens executed in a transaction carrying out an essential governmental purpose. In other words, does the exemption broadly include corporate agencies and instrumentalities of the United States or of the State of Texas without respect to a governmental purpose in the particular transaction?

"2. Is the bill in any event valid, and does it apply, as against national banking associations?

"3. Is the bill valid in any event and does it apply as against state banking institutions who are members of the Federal Reserve System?

"4. If not included in question number one, then does the bill apply to state banking institutions

who are not members of the Federal Reserve System, such banking institutions being instrumentalities of the State of Texas by virtue of an Act of the 44th Legislature.

"5. If an instrument, subject to the tax imposed by the bill, should be actually filed or recorded without the required stamps being attached thereto, would such registration be valid and effective as though the instrument had been duly stamped."

Said S. B. No. 24 amended Article 7047e, Revised Civil Statutes. After providing for the levy of a tax of ten cents (10¢) on each One Hundred ($100.00) Dollars after the first Two Hundred ($200.00) Dollars on certain notes and obligations secured by certain liens filed for record in the County Clerk's office, the bill then contains the following:

"...This section shall not apply to instruments, notes, or other obligations taken by or on behalf of the United States or of the State of Texas, or any corporate agency or instrumentality of the United States, or of the State of Texas, in carrying out a governmental purpose as expressed in any Act of the Congress of the United States or of the Legislature of the State of Texas, nor shall the provisions of this section apply to obligations or instruments secured by liens on crops and farm or agricultural products, or to livestock or farm implements." (Underscoring ours)

Both this and the preceding administration of the Attorney General's office have expressed the opinion that National Banks are exempt from paying the stamp taxes levied under Article 7047e before the amendment by the 46th Legislature. This exemption comes, not from the language of the taxing statute, but from the inability of the State to levy such a tax against National Banks, Federal Land Bank vs. Crasland, 43 Sup. Ct., 385; Des Moines National Bank vs. Fairweather, 44 Sup. Ct., 23; First National Bank vs. Anderson, 46 Sup. Ct. 135; Gully vs. First National Bank, 81 Fed. (2d) 502; Sec. 548, Title 12, U. S. C. A., H. L. Williford, Assistant Attorney General, to Lockhart, March 21, 1938; our opinion No. O-267, dated February 25, 1939.

We adhere to the view that lien instruments taken by National Banks are not subject to the tax. This answers your second question, as well as your first, insofar as National Banks are concerned.

Article 492, Revised Civil Statutes, as amended in 1937, reads as follows:

"All corporations created under this title are hereby declared to be charged with the public use, and shall be under State Control and be subject to such legislation as the Legislature may enact for the government and regulation of such banking institutions in this State. Such corporations shall be deemed to be instrumentalities and agencies of theState Government and shall be charged with the duty, when lawfully designated thereto, to act as depositories for the public funds of this State, and of any County, Municipality, City, Town or Village, or of any subdivision within the State, in accordance with the laws of this State governing depositories of public funds now existing or hereafter to exist; and such corporations shall be further charged with the duty to act as fiscal agent for the State, or any County, City, Town of Village, or any subdivision within this State upon request so to do and upon reasonable compensation therefor. The rights, privileges and powers conferred by the terms of this title to corporations taking advantage thereof or incorporating hereunder are to be held subject to the right of the Legislature, to amend, alter or reform the same. Every corporation operating a banking business in Texas under a charter authorized by this State prior to the adoption of the Constitution of 1876, shall be subject to all the provisions of this title. As amended Acts 1937, 45th Leg., p. 409, ch. 205, § 1."

In connection with the duties of State Banks as depositories for the State and for cities, we also refer to Article 2532, 2535, and 2559 to 2566, Revised Civil Statutes, It may be conceded that such banks are agencies and instrumentalities of the State, and in respect to the acts mentioned in the statutes referred to immediately above are acting as such. We cannot accede to the view that such things stamp their every act as being one which carries out a governmental purpose as expressed in the Acts of the Legislature. Clearly, the Legislature did not intend to make a blanket exemption of all lien instruments taken by agencies and instrumentalities of the State. On the other hand, it is plain that if was intended to exempt only those instruments taken by such agencies <u>in carrying out a governmental purpose as expressed</u>

in some Act of the Legislature. Otherwise, the insertion in the taxing statute of the words just above underscored would have been worse than useless. To be entitled to the exemption, an instrument taken by a State Bank must be in carrying out a governmental purpose as expressed in an Act of the Legislature. We have been discussing those State Banks which are not members of the Federal Reserve System.

On November 21, 1936, Hon. J. H. Broadhurst, then Assistant Attorney General, addressed to Hon. Charlie Lockhart, State Treasurer, his considered opinion to the effect that State Bank membersof the Federal Reserve System are not exempt from the tax in question. Since we substantially agree with that opinion, we do not deem it necessary to discuss the question at length. We cite the following authorities in support of this view. Thompson vs. Pacific Railroad, 9 Wall. 579, 19 L. Ed. 792; Reagan vs. the Mercantile Trust Co., 154 U. S. 1028; Central Pac. R. Co. vs. California, 162 U. S. 903; 61 C. J. 371. For an instrument taken by such a member State Bank to be entitled to the exemption, it must be so taken in carrying out a governmental purpose as expressed in some Act of Congress or of the Legislature.

We believe the above substantially answers the first four of your questions. We have not attemptedto answer the fifth question, since it occurs to us that the question as to whether the recordation of an unstamped taxable instrument would constitute constructive notice, is a private one.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By (S) Glenn R. Lewis
Glenn R. Lewis
Assistant

GRL:LW
APPROVED:
Opinion Committee
By. R. W. F.
Chairman

(s) Gerald C. Mann